UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-81379-AMC

CHESTER LEE ROBINSON,

        Plaintiff,

v.

QUANCIA HERRING, and
NORRIS FUSE,

        Defendants.
_____/

**ORDER ON MOTION TO RECUSE [ECF No. 96]**

Defendants ask me to recuse. They cite Title 28, United States Code, Section 455, which requires a judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The applicable legal standard is whether "an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Christo v. Padgett,* 223 F.3d 1324, 1333 (11th Cir. 2000). "A party introducing a motion to recuse [under Section 455] carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Pope v.*

*Fed. Express Corp.,* 974 F.2d 982, 985 (8th Cir.1992) (citation omitted); *see In Re Clark,* 289 B.R. 193 (M.D. Fla. 2002)

The alleged factual basis for my recusal is, "During the May 17, 2023 settlement conference, Magistrate Reinhart became privy to certain confidential information." ECF No. 96 at 2.[1] The motion does not identify what the confidential information is, nor why me knowing the information would cause an objective, fully informed lay observer to entertain significant doubt about my impartiality. It also does not allege, let alone establish, that I have personal knowledge of any of the facts of this case or any prejudice toward Defendants. I have neither.

WHEREFORE, Defendants' Motion to Recuse is DENIED.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 3th day of August 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant's Motion is captioned "Defendants' Motion to Recuse Magistrate Reinhart." In the body of the motion, it again refers to "Magistrate Reinhart." The title "Magistrate" no longer exists in the federal court. It was changed to "Magistrate Judge" in 1990. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, § 321 (1990). The official title is United States Magistrate Judge. Calling such a judicial officer a "Magistrate" is equivalent to wrongly calling a United States District Judge a "District," a United States Bankruptcy Judge a "Bankruptcy" or a United States Circuit Judge a "Circuit." Counsel are reminded to use the correct title in the future when referring to me or any other United States Magistrate Judge.