UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-81379-CIV-CANNON/Reinhart

**CHESTER LEE ROBINSON**,

    Plaintiff,

v.

**QUANCIA HERRING** and
**NORRIS FUSE**,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' RENEWED MOTION TO STAY
PENDING RESOLUTION OF MARCUS BRADHAM'S CRIMINAL CASE**

**THIS CAUSE** comes before the Court upon the Renewed Motion to Stay Proceedings Pending Resolution of Marcus Bradham's Criminal Case ("Motion") filed by Defendants Quancia Herring and Norris Fuse [ECF No. 139]. Plaintiff filed a Response in Opposition [ECF No. 142]. Defendants filed a Reply [ECF No. 144]. The Court has carefully considered the Motion, the related filings, the record, and the applicable law. For the following reasons, the Motion is **GRANTED**.[1]

                    **I.**      **BACKGROUND**

On September 21, 2022, Plaintiff filed his *pro se* Amended Complaint pursuant to 42 U.S.C. § 1983 [ECF No. 6]. The Court screened the Amended Complaint pursuant to 28 U.S.C. § 1915A and found that it stated a plausible Fourteenth Amendment failure-to-protect claim

---

[1] On June 14, 2023, the Court denied Defendants' initial Motion to Stay Proceedings Pending Resolution of a Third Party's State Criminal Case [ECF No. 94]. Factual developments since then, most significantly, Marcus Bradham's deposition in the instant case on September 25, 2023, have changed the Court's analysis [ECF No. 139-11].

against Defendants Herring and Fuse [ECF No. 17]. The Complaint alleged that Plaintiff was assaulted on January 14, 2022, by Marcus Bradham, another inmate, at the Palm Beach County Sheriff's Office Main Detention Center [ECF No. 6 p. 6].

On August 22, 2022, approximately one month prior to Plaintiff filing his Amended Complaint, the State Attorney for the Fifteen Judicial Circuit in and for Palm Beach County charged Marcus Bradham with one count of Aggravated Battery (Deadly Weapon), in violation of Fla. Stat. § 784.045(1) and (2) [ECF No. 139-2]. The Information alleged that Bradham, "on or about January 14, 2022 . . . did actually and intentionally touch or strike [Plaintiff] . . . and in doing so used a shank, a deadly weapon" [ECF No. 139-2 p. 2]. Bradham pled not guilty [ECF No. 139-3]. As of the date of this Order, Bradham's criminal case is ongoing, and the next scheduled court date is on January 8, 2024, for a plea conference.[2]

Defense counsel took Bradham's deposition in the instant case on September 25, 2023 [ECF No. 139-11]. Bradham repeatedly invoked his Fifth Amendment privilege against self-incrimination in response to counsel's questions about what occurred on January 14, 2022, about whether Bradham and Plaintiff had a conflict prior to January 14, 2022, and about the nature of their relationship generally [ECF No. 139-11 pp. 4–9].

## II.   LEGAL STANDARDS AND ARGUMENT

Defendants argue in their Motion that the interests of justice require the Court to stay the instant proceedings until the conclusion of Marcus Bradham's state criminal case

---

[2] The Court takes judicial notice of the state court docket in case number 50-2022-CF-006182-AXXX-MB. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020) (citing Fed. R. Evid. 201(b)). Consistent with the Court's exercise of judicial notice, the Clerk is **INSTRUCTED** to include as part of the record in this case the Fifteenth Circuit's docket in case number 50-2022-CF-006182-AXXX-MB, available at https://appsgp.mypalmbeachclerk.com/eCaseView/search.aspx (last accessed Dec. 19, 2023).

[ECF No. 139 pp. 9–16 (citing *United States v. Lot 5, Fox Grove, Alachua Cnty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994))]. Federal district courts have broad discretion to stay proceedings, incident to their power to manage their dockets. *Clinton v. Jones*, 520 U.S. 681, 707 (1997). "[A] court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interest of justice.'" *Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d at 364 (quoting *United States v. Kordel*, 397 U.S. 1, 12–13 (1970)). Factors that courts are to consider in evaluating whether to grant a stay include "'the degree and severity of overlap between the civil and criminal proceedings; whether the criminal charges are hypothetical or, by contrast, whether an indictment or its equivalent has been issued; and the specificity of the invocation of the Fifth Amendment privilege relative to the civil proceeding." *Young v. Peraza*, No. 15-60968, 2015 WL 4639736, at *1 (S.D. Fla. 2015) (Cohn, J.) (quoting *Gonzalez v. Israel*, No. 15–60060, 2015 WL 4164772, at *3 (S.D. Fla. 2015) (Bloom, J.)).

At this point, reviewing the circumstances as they currently stand, the Court is persuaded that a stay of this action is warranted pending resolution of Bradham's ongoing criminal case. The first and "most important" factor is the degree to which there is overlap between the issues presented in the civil and criminal cases. *Pellegrino v. Wengert*, 147 F. Supp. 3d 1379, 1381 (S.D. Fla. 2015) (Rosenberg, J) (quoting *Love v. City of Lanett*, 2009 WL 252371, at *2 (M.D. Ala. 2009)). There is significant factual overlap here. Both the civil lawsuit and criminal case center on the January 14, 2022, alleged altercation between Plaintiff and Bradham. The evidence and witnesses that will be presented in Bradham's criminal case will most likely be the same evidence and witnesses presented as part of Plaintiff's civil case. This degree of overlap is a significant factor in the Court's decision to grant a stay. *Pellegrino*, 147 F. Supp. 3d at 1381.

CASE NO. 22-81379-CIV-CANNON/Reinhart

The second factor favoring granting a stay is that Bradham's criminal prosecution is ongoing, and most significantly, that Bradham—a crucial witness—invoked his Fifth Amendment privilege against self-incrimination when Defendants' counsel deposed him in this lawsuit [ECF No. 139-11 pp. 4–9]. Absent a stay, there is a material risk that Defendants will be significantly prejudiced in their ability to conduct discovery and defend against Plaintiff's allegations, based on Bradham's asserted Fifth Amendment privilege.[3] *See, e.g., Dean v. Douglas*, No. 12-CV-120, 2012 WL 6151137 (M.D. Ga. 2012) (noting that plaintiff's "interest in an expeditious resolution" did not "outweigh the great likelihood for prejudice to Defendants that would result from allowing this civil action to proceed," where "any discovery [ ] would largely result in [plaintiff's] same repeated" Fifth Amendment invocations). On the flip side, the Court finds that any prejudice to Plaintiff from staying this proceeding is minimal.

Finally, granting a stay pending Bradham's criminal case will further the public's interest in preserving scarce judicial resources by likely narrowing the issues to be decided in the civil proceeding. *Grand Jury Proc. (Williams)*, 995 F.2d 1013, 1020 n.11 (11th Cir. 1993) ("Although stays delay civil proceedings, they may prove useful as the criminal process may determine and narrow the remaining civil issues."); *see also Am. Gen. Life Ins. Co. v. Jones*, No. 08-0211-WS-B, 2008 WL 4949847, at *5 (S.D. Ala. 2008) ("[T]he interests of efficiency and conservation of scarce judicial resources weigh in favor of allowing the state criminal proceedings against [litigant] to run their course before embarking on the time-consuming . . . process of litigating these civil proceedings.").

---

[3] A critical inquiry in this case is whether Plaintiff faced a serious risk of harm related to threats made by Bradham, and whether Defendants had subjective knowledge of that risk. *See, e.g.*, *Goodman v. Kimbrough*, 718 F.3d 1325, 1331–32 (11th Cir. 2013).

CASE NO. 22-81379-CIV-CANNON/Reinhart

In sum, the interests of justice warrant a stay. There is a large degree of overlap between the issues presented in Plaintiff's civil case and Bradham's criminal proceedings. There is a substantial risk of prejudice to Defendants in not granting a stay and only minimal risk of prejudice to Plaintiff, if any, in granting a stay. Finally, granting a stay promotes the public's interest in judicial efficiency and conservation of scarce judicial resources. *Clinton*, 520 U.S. at 707; *Lot 5, Fox Grove, Alachua Cnty., Fla.*, 23 F.3d at 364; *Grand Jury Proc. (Williams)*, 995 F.2d at 1020 n.11.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendants' Renewed Motion to Stay Proceedings [ECF No. 139] is **GRANTED**.
2. This case is **STAYED**.
3. All pending motions are **DENIED AS MOOT**.
4. The Clerk of Court is directed to **CLOSE THIS CASE FOR STATISTICAL PURPOSES ONLY**, without prejudice to either side.
5. Within 30 days of the conclusion of Bradham's state criminal matter, the parties shall meaningfully attempt to confer, and Defendants thereafter shall file a Status Report advising the Court of the conclusion of the criminal matter and detailing any anticipated next steps in this case.

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida, this 19th day of December 2023.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record